**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY LEE SAUNDERS, # 1507220,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:10-CV-0745-K** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief filed by a state prisoner

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice

– Correctional Institutions Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID.

The court did not issue process in this case pending preliminary screening.

Statement of the Case:  Petitioner pled guilty to murder pursuant to a plea agreement and

was sentenced to nineteen years imprisonment.  *State v. Saunders*, No. F06-63360-H (Crim. Dist.

Court No. 1, Dallas County, May 16, 2008).  Petitioner did not appeal.  On May 12, 2009, the

state court filed a state application pursuant to art. 11.07, Tex. Code of Criminal Procedure.  *See*

No. W06-63360-A (attached Judicial Information, reflecting filing date).  The Texas Court of

Criminal Appeals denied the application without written order on February 17, 2010.  *See Ex*

*parte Saunders*, WR-73,284-02 (Tex. Crim. App. 2010).[1]

In his federal petition, filed on April 13, 2010, Petitioner raises three grounds for habeas

relief: (1) his guilty plea was involuntary and unlawfully induced, (2) Petitioner is actually

innocent of the crime, and (3) Petitioner was denied due process and equal protection during the

state habeas corpus proceedings.[2]

Findings and Conclusions:   The petition is subject to summary dismissal pursuant to

Rule 4, of the Rules Governing Section 2254 Proceedings.  That Rule provides that "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."  *See* Rule 4.

In his third ground, Petitioner challenges the adequacy of the state habeas proceedings.

Infirmities in collateral proceedings are not grounds for federal habeas corpus relief.  *See Rudd v.*

*Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v. Johnson*, 168 F.3d 173, 180

(5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973

F.2d 1175, 1182 (5th Cir. 1992)).  Therefore, the third ground should be denied.

The court addresses next the timeliness of the remaining grounds.  The Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for

---

[1]   The docket sheets for Petitioner's state habeas writ is available on the website for the the Texas Court of Criminal Appeals.

[2]   For purposes of this recommendation, the federal petition is deemed filed on April 9, 2010, the date Petitioner signed it and allegedly handed it to prison officials for mailing.  *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).  The court notes, however, that the certificate of inmate trust account was not issued until the next day, April 10, 2010.

state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may

raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163

F.3d 326, 328-29 (5th Cir. 1999).

The court advised Petitioner of the one-year statute of limitations and granted him an

opportunity to explain why the petition should not be barred by the statute of limitations or why

the limitations period should be tolled on equitable grounds.  Petitioner filed a response to the

show cause order on May 10, 2010.

With respect to the first and second grounds, the one-year limitations period is calculated

from "the date on which the judgment [of conviction] became final by the conclusion of direct

review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).[3]

Petitioner did not file a direct appeal.  As a consequence, his conviction became final on

June 15, 2008, thirty days after the judgment was entered.  *See* Tex. R. App. P. 26.2(a)(1); *see*

*also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).  Because that date fell on a Sunday, the

limitations period was extended to Monday June 16, 2008.  *See* Fed. R. Civ. P. 6(a); *Flanagan v.*

*Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)).  As of May 12, 2009, the

date on which the Dallas County District Clerk filed the art. 11.07 application, 330 days of the

one-year limitations period had elapsed.  The state application remained pending until February

---

[3]     Subsections 2244(d)(1)(B)-(D) are inapplicable in this case.  Petitioner has
alleged no state created impediment under subparagraph (B) that prevented him from timely
raising his claims.  *But cf. Critchley v. Thaler*, 586 F.3d 318, 320-21 (5th Cir. 2009) (state court's
failure to file timely prisoner's state application, coupled with its apparent mishandling of state
applications filed by other prisoners, constituted a state-created impediment).  Nor does
Petitioner base his grounds on any new constitutional right under subparagraph (C).  With regard
to subparagraph (D), the court determines that the facts supporting the first and second grounds
became or could have become known prior to the date on which Petitioner's conviction became
final.

17, 2010, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2).

The one year-period resumed running on February 18, 2010, and expired 35 days later on March

24, 2010, 16 days before Petitioner is deemed to have filed his federal petition.  Therefore, the

federal petition is clearly untimely absent equitable tolling.

In response to the court's show cause order, Petitioner asserts he "submitted his state

habeas action to the state court on April 15, 2009," but "[t]he clerk of the court did not advise

[him] of its receipt date."  (Pet'r Resp. at 2.)  In his federal petition and memorandum in support,

Petitioner reiterates "the state district court did not return a file stamped copy" of the writ to him,

(*see* Fed. Pet. at ¶ 11), and "[t]he clerk of the court did not advise [him] of the filing date" (Pet'r

Mem. at 3).  As a result, Petitioner asserts he was forced to make "an educated guess as to how

much time he had in which to file his federal petition."  (Pet'r Resp. at 2.)

The Dallas County District Clerk routinely sends a letter to each petitioner indicating the

date on which his state application was filed in the convicting court.  It appears Petitioner may

not have received this letter following the May 12, 2009 filing of his state application.

Petitioner correctly notes that if the state clerk had filed his art. 11.07 application within

ten days of its mailing, his federal petition would have been timely filed.  (Pet'r Resp. at 2).

Petitioner is also correct in noting that the mailbox rule does not apply to the filing of state

writs.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("declin[ing] to extend the

[federal prison] mailbox rule to the determination of filing dates for state habeas applications.");

*see also Howland v. Quarterman*, 507 F.3d 840, 844-45 (5th Cir. 2007) (per curiam) (holding

that the state prison mail box rule does not apply to state habeas applications in Texas).  This

court, however, can consider "whether the prisoner is entitled to equitable tolling."  *Coleman*,

184 F.3d at 402 ("when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, . . . [the court should] examine the facts to determine whether the prisoner is entitled to equitable tolling . . . .").

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstance and due diligence required for equitable tolling. *See Howland*, 507 F.3d at 845-46; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has recognized that to pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence).

Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. Petitioner squandered most of the one-year available under § 2244(d)(1), leaving little margin in the event of an error. Petitioner waited about ten months (i.e. 303 days) after his conviction became final before mailing his state application on April 15, 2009, which as

noted above was not filed until May 12, 2009.  This left only 35 days of the one-year period to

act once the state habeas proceedings concluded.  Leaving little margin for error is not cautious

and, clearly, not diligent.  *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 952 (5th Cir. 2009)

(unpublished per curiam) (having only two months to act once the state habeas proceedings

concluded, having squandered most of the one-year period before filing the state application,

was a factor in denying equitable tolling); *Hudson v. Quarterman*, 332 Fed. Appx. 209, 210 (5th

Cir.) (unpublished per curiam), *cert. denied*, 130 S. Ct. 442 (2009) (eleven and one-half month

delay in mailing state application after conviction became final did not evince due diligence; as

such petitioner was not entitled to equitable tolling for two-week delay between mailing of state

habeas application and its filing in state court).

Petitioner's lack of due diligence did not end here.  Following the denial of his state

application, he delayed another 51 days before handing his federal petition to prison officials for

mailing.  Petitioner states that he did not learn of the denial of his state writ until February 27,

2010.  (Pet'r Mem. in Supp. at 24.)  Even assuming the truth of this assertion, Petitioner still

delayed an additional 41 days, between learning of the denial of the state writ and the mailing of

the federal petition.

Petitioner's pleadings fail to provide an explanation for the lengthy delays in this case.

Unexplained delays do not evince due diligence or rare and extraordinary circumstances.

"[E]quity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710,

715 (5th Cir. 1999).  Nor does Petitioner's *pro se* status and unfamiliarity with the law suffice as

a basis for equitable tolling.  *See Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999)

("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Clearly Petitioner has not carried his burden of establishing that equitable tolling is warranted for the 27-day delay between the mailing of his state application and its filing in state court. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). Therefore, in the exercise of discretion, the District Court should refuse to apply equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DENIED with respect to the third ground, and that it be DISMISSED with prejudice as barred by the one-year statute of limitations in all other respects.

Signed this 13th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**ATTACHMENT**